IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

TIM SEAWRIGHT,
    PETITIONER,

v.

David L. Winn, et. al.,
    RESPONDENTS.

Civil Action No. 04-40145-PBS

## MOTION TO SUPPLEMENT PETITIONER'S § 2241 MOTION AND MOTION FOR EXPEDITED CONSIDERATION OF PETITIONER'S § 2241 MOTION

**NOW COMES** the petitioner, Tim Seawright, pro se, and hereby submits his supplement to his original § 2241 Motion and moves this Honorable Court to expedite its consideration of petitioner's § 2241 Motion; and in support thereof state:

(1) Unless this habeas motion is briefed, submitted and decided on an expedited basis, by the time this habeas motion is decided, the petitioner will have served his entire federal sentence. Petitioner's early release incentive pursuant to 18 U.S.C. § 3621(e)(2)(B) has already become moot because the petitioner is currently 5½ months away from his statutory release date, which is April 9, 2005;

(2) The denial of petitioner's placement into a CCC, to his understanding, was based on a prior crime of violence dating back approximately 20 years ago when the petitioner was a juvenile at the age of 15. The juvenile records in this case were sealed by Court Order. However, this juvenile case is being wrongfully interpreted as an "adult conviction" based on its location in petitioner's Presentence Investigative Report;

(3) The aforementioned Youthful Offender adjudication is being further exploited by subjecting the petitioner to Sex Offender Registration and Notification - which all seem to contradict the Sealing Order

that was placed on this Youthful Offender adjudication;

(4) The petitioner has recently changed his address to the State of Massachusetts, where he has already secured very supportive residence and a place of employment awaits the petitioner upon his release;

(5) The petitioner has successfully completed the Bureau of Prisons 500-Hour Residential/Therapeutic portion of the Drug Abuse Program without incident. The record would also reflect that the petitioner has also completed numerous educational programs throughout his incarceration and the petitioner's conduct, as a model inmate "without incident", has been exemplary.

**WHEREFORE,** the petitioner prays for expeditious proceedings and for this Honorable Court to grant in favor of the petitioner in his writ of habeas corpus motion under § 2241; and that this Court consider the home confinement component of transitional services for the remaining term of the petitioner's sentence which is approximately 5½ months- this request is consistent with the recent First Circuit holdings in Goldings v. Winn, et. al., No. 03-2637, (1st Cir. 2004) which stresses prelease community custody.

Respectfully submitted,

Executed on October 20, 2004.    By: _____
Tim Seawright
Fed. Reg. No. 06362-055
FMC Devens/RDAP-13
P.O. Box 879
Ayer, Massachusetts 01432

# PROOF OF SERVICE

I, __Tim Seawright__, certify that on __October 20__, 200__4__ I mailed a copy of this document and all attachments via First Class mail to the following parties at the addresses listed below:

Christopher R. Donato
Assistant United States Attorney
John Joseph Moakley Courthouse
Suite 9200
1 Courthouse Way
Boston, MA 02210

Clerk of the Court
United States District Court for
the District of Massachusetts
U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

# PROOF OF SERVICE FOR INCARCERATED LITIGANTS

In addition to the above Proof of service, all litigants who are currently incarcerated should include the following statement with all documents to be filed with the court:

I certify that this document was given to officials[1] on this date for forwarding to the United States District Court for the District of __Massachusetts__. I further certify under penalty of perjury that the forgoing is true and correct. **Title 28 U.S.C. § 1746.**

Respectfully submitted this __20th__ day of __October__, 200__4__.

Name: __Tim Seawright__

Number: __06362-055__

FMC Devens, Unit __H-A__

P.O. Box 879

Ayer, Massachusetts 01432

---

[1] Pleadings by prisoners who represent themselves are to be considered filed at the moment such pleadings are delivered to prison authorities for forwarding to clerk. <u>Houston v Lack</u>. 487 U.S. 266 (1988).