UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUETTS

FILED
IN CLERKS OFFICE

2005 FEB -1 P 12: 54

U.S. DISTRICT COURT
DISTRICT OF MASS

TIM SEAWRIGHT,

    Petitioner,

v.

DAVID L. WINN, WARDEN,

    Respondent.

Civil Action NO. 04-40145-PBS

## MOTION FOR JUDGMENT ON THE PLEADINGS

COMES NOW, the Petitioner, TIM SEAWRIGHT, in Pro se, and hereby respectfully moves this Honorable Court for a Judgment on the Pleadings, and in support thereof respectfully submits the following:

On July 28, 2004, the Petitioner submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Specifically, the Petitioner filed for habeas corpus relief from the Warden's arbitrary rescind of his ninty (90) days Community Corrections Center (CCC) placement, and failure to provide him the requisite CCC placement as authorized by federal statute [18 U.S.C. § 3621], which violated his procedural due process rights as well as his due process protected liberty interests.

Subsequently, this honorable court ordered the respondent to respond to such motion, the government representing the respondent filed a motion to dismiss with a memorandum in support

thereof on October 25, 2004. Thereof, the respondent's sole position is that the Petitioner has failed to state a claim which relief can be granted in that such petition should be dismissed. In particular, the respondent contends first that the petitioner failed to exhaust administrative remedy which is required under the Prison Litigation Reform Act of 1995, as amended 42 U.S.C. § 1997e(a) ("PLRA"). Secondly, the respondent claims he was within his discretion when he denied petitioner CCC placement.

On November 4, 2004, the Petitioner filed a reply to respondent's motion and memorandum to dismiss his § 2241 habeas corpus petition. In Petitioner's reply motion, he clearly demonstrated that the respondent's contentions to dismissed his habeas corpus petition were either misplaced, flaw, or meritless. For instance, the Petitioner shown that the respondent's first allegation concerning his failure to exhaust adminstrative remedy before filing his petition was meritless where, one, his attempt to exhaust administrative remedy was made futile by the time consumption to exhaust remedy which would caused irreparable injury to continue such process since the relief sought by Petitioner would be affected. Guitard, 967 F.2d 737 (2d Cir. 1991)

Further, the respondent's second allegation concerning his alleged discretion to deny Petitioner CCC placement was also flaw, without merit when the Petitioner had a liberty interest in both the statute and the respondent's actions of awarding him ninety (90) days of CCC placement. Sandin v. Conner, 515 U.S. 472 (1995); Hewitt, 459 U.S. 469 (    ). Besides, this Circuit has already found that the BOP must provide CCC placement to

2.

all inmates at the end of their sentence. See Golding v. Winn, 383 F.3d 17 (1st Cir. 2004)

Currently, all pleadings are before the Court and has been completed will over two months on November 4, 2004. Further, the Petitioner submits that there is no other dispute that needs resolution, which the pleadings is ripe for disposition.

Moreover, disposition is urgent in this matter when the habeas relief sought by Petitioner had been affected but the alternative relief of 90 days CCC placement owed to him by the acts of the respondent, though cannot be fully obtained, still some relief can be obtained if the Court act promptly.

Indeed, the Court should exercise its discretion to promptly grant Seawright's habeas relief of 90 days CCC placement owed to him, though the entire relief cannot be satisfied, still by ordering his placement in an alternative CCC placement like home confinement, which would satisfy the respondent's failure to find a community half-way that willing to accept him. See Golding, supra.

In fact, the Petitioner should be granted prompt relief since the habeas corpus petition was designed to protect individual's right, but also provide a speedy remedy at law. See Preiser v. Rodriguez, 411 U.S. 475, 36 L.Ed.2d 439, 93 S.Ct. 1827 (1973)( the habeas corpus petition is the appropriate remedy for immediate and speedy release from illegal custody).

Additionally, relief is warranted where the Petitioner has clearly shown that the respondent had failed to show that he is not entitled to relief. To repeat, the respondent's first contention has failed when under the circumstances of the case

the Petitioner correctly argued "irreparable injury" to excuse the failure to exhaust remedy since further delay in filing the habeas petition would have effectively affected the relief he sought. Specifically, the six months CCC placement he sought as the habeas corpus relief commenced approximately in the beginning of October, 2004, which his release date is set for March , 2005. Thus, the Petitioner filed his petition prior to October of 2004, in hope of obtaining the entire six month CCC placement he earned for successfully completing the drug rehabilitation program. Exhibit "A"

Because of the delay in resolving the habeas corpus petition, Seawright has been adversely effected in the relief he seeks. Surely, he suffers irreparable harm since he cannot receive the relief he requested (the entire six month CCC placement). Consequently, Seawright seeks the secondary relief (90 days CCC placement) also owed to him when the respondent initially granted him three months CCC placement. See exhibits "B" Even though, in reality he cannot receive the entire ninety days CCC placement since he has less than two months to his release date in March, 2005. In the least, Mr. Seawright should get immediately release.

As for the respondent's second contention, such allegation must also fail where the statute (18 U.S.C. § 3621) provides him some form of CCC placement as this Circuit held was Congress intent. See <u>Golding</u>, supra. Moreover, the due process clause protects petitioner from governmental arbitrary decision to take away life, liberty or property the petitioner has an expectation in,

Here, not only did the petitioner had an expectation in the statute to provide him CCC placement, <u>Golding</u>, supra, but he also

had such expectation once the respondent granted him 90 days CCC placement, which he could no lose either without being afforded due process. Sandin v. Conner, 515 U.S. 472 (1995)

Clearly, as demonstrated by the facts and laws the Petitioner Tim Seawright should be given immediate relief especially since such relief is owed to him.

In sum, this honorable court should grant Petitioner Seawright immediate release where he was denied due process of law as a result of the respondent's failure to follow the mandates of statute (18 U.S.C. § 3621) and his own decision that granted him CCC placement.

WHEREFORE, in light of the foregoing, the Petitioner Tim Seawright should be granted immediate release to CCC placement (i.e., home confinement).

Respectfully submitted,

Dated: _____

_____
Tim Seawright
Pro se/ Petitioner
Reg. No. 06362-055
F.M.C. - Devens
P. O. Box 879
Ayer, MA 01432

5.

## CERTIFICATE OF SERVICE

I certify that on this day of ____, January, 2005, a true copy of the foregoing motion was served by first class mail, postage prepaid, upon the respondent's attorney:

Christopher R. Donato
Assistant U.S. Attorney
U. S. Attorney Office
1 Courthouse Way
Boston, MA 02210

6.