# United States District Court
# District of Massachusetts

TIM SEAWRIGHT,
    Petitioner,

v.                                      CIVIL ACTION NO. 04-40145-PBS

DAVID L. WINN, WARDEN,
    Respondent.

## REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION TO DISMISS THE PETITIONER'S HABEAS CORPUS PETITION (# 6)

COLLINGS, U.S.M.J.

### I. Introduction

Until April 8, 2005, Tim Seawright, ("the petitioner"), was a federal inmate incarcerated at the Federal Medical Center Devens in Ayer, Massachusetts (FMC Devens). On July 30, 2004, while still in custody, the petitioner filed this petition for habeas corpus pursuant to 28 U.S.C. § 2241. The full term expiration date of his sentence was to be June 6, 2006. Apparently, however, the

petitioner received all good conduct time available to him under 18 U.S.C. § 3624(b), *see* Respondent's Memorandum in Support of Motion to Dismiss, #7 at p. 2, because Bureau of Prison (BOP) records establish that on April 8, 2005, while this petition was pending, the petitioner was released from federal custody. For that reason, and for the reasons that follow, the Court recommends dismissing the petition for habeas corpus as moot.

## II. Background

While in custody, the petitioner had been enrolled in BOP's Residential Drug Abuse Program (RDAP). To create an incentive for federal prisoners to complete the drug program, Congress provided that a prisoner who successfully completes all phases of the program may be considered for early release. *See* 18 U.S.C. § 3621(e)(2)(B).[1] In his petition for a writ of habeas corpus, the petitioner complained that although BOP personnel assured him that he would be afforded the opportunity to complete the program in full, ultimately BOP

---

[1] That section provides:

(A) **Generally.**–Any prisoner who, in the judgment of the Director of the Bureau of Prisons, has successfully completed a program of residential substance treatment provided under paragraph (1) of this subsection, shall remain in the custody of the Bureau under such conditions as the Bureau deems appropriate. . . .

(B) **Period of custody.**–The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

determined (for reasons that the petitioner attacks as arbitrary) that the petitioner was ineligible to complete the final phase, which required 180 days placement in a Community Corrections Center ("CCC"). Because the petitioner was unable to complete the entire program, he was never afforded the opportunity to be considered for the early release under 18 U.S.C. § 3261(e)(2)(B). His petition alleged that BOP's actions violated the Fifth Amendment's Due Process Clause, and the Eighth and Ninth Amendments. By way of relief, the petitioner sought continued drug treatment, 180 days of CCC placement, and eligibility for § 3621(e)(2)(B) early release. The BOP opposed the petition, arguing, *inter alia,* that the petitioner had failed to exhaust his administrative remedies.

### III.  Discussion

#### A.  Is the Petition Moot?

The threshold inquiry here, of course, is whether the petitioner's release from federal custody moots his petition for habeas corpus. Thus, the Court examines whether the petition continues to present a "case or controversy" under Article III, § 2, of the Constitution, *Spencer v. Kemna,* 523 U.S. 1, 8, 118 S.Ct. 983 (1998), and whether the petitioner has suffered an injury-in-fact that

is "'likely to be redressed by a favorable judicial decision.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477, 110 S.Ct. 1249, 1253 (1990)). Specifically, once an inmate has been released from prison, "the relevant inquiry is whether the defendant still suffers 'collateral consequences,' which are considered redressable injuries satisfying the case-or-controversy requirement." *United States v. Duclos*, 382 F.3d 62, 65-66 (1 Cir., 2004) (citing *Spencer*, 523 U.S. at 7-8, 118 S.Ct. 978). As the Supreme Court explained in *Spencer*: "Once the convict's sentence has expired . . . some concrete and continuing injury other than the now-ended incarceration or parole–some 'collateral consequence' of the conviction, must exist if the suit is to be maintained." *Spencer,* 523 U.S. at 7-8, 118 S.Ct. at 983 (citations omitted).

Here, in effect, the petitioner argued that he was arbitrarily denied the opportunity to complete the last phase of the drug program and to be considered for early release. The petitioner requested as relief "that he be afforded full incentives of the RDAP including 180 days of CCC transitional treatment and 12 months early release consideration under 18 U.S.C. § 3621(e)." Thus, the petitioner effectively urged the Court to order the BOP to consider him for early release after following through on its promise to afford him the opportunity to

complete the final phase of the drug program. However, once the petitioner in this case was released from prison, there was no longer a live case or controversy requiring a remedy because the Court can no longer grant any effective habeas relief (such as an invalidation of a parole revocation or conviction) to redress the petitioner's alleged injury. The petitioner has obtained the relief he sought and no live controversy exists.

### B. Did Petitioner Fail to Exhaust Administrative Remedies?

Furthermore, the Court notes that the habeas petition itself failed on alternative grounds because the petitioner did not exhaust all administrative remedies. Federal prisoners must exhaust their administrative remedies prior to filing a petition for habeas relief.[2] *Carmona v. United States Bureau of Prisons,*

---

[2]

Although the respondent argues to the contrary, the Prison Litigation Reform Act, 42 U.S.C. § 1997e (a) does not apply to petitions for habeas corpus. *Richmond v. Scibana*, 387 F.3d 602, 604 (7 Cir., 2004) ("common law exhaustion rule applies to § 2241 even though § 1997e(1) does not"); *Monahan v. Winn,* 276 F.Supp. 2d 196, 204 (D. Mass., 2003)([T]he statutory PLRA exhaustion requirement does not apply to habeas corpus action under § 2241); *Davis v. Fechtel,* 150 F.3d 486, 490 (5 Cir., 1998)("The PLRA thus does not apply to section 2241 proceedings.").

The exhaustion requirement applies to habeas petitions unless administrative procedures are unavailable or "incompetent to provide adequate redress." *Gonzalez v. Perrill,* 919 F.2d 1, 2 (2 Cir., 1990), *superceded by statute on different grounds* as explained in *United States v. Edwards,* 960 F.2d 278 (2 Cir., 1992*)* (federal prisoner must exhaust administrative remedies before seeking habeas review "unless administrative procedures are unavailable or are incompetent to provide adequate redress."); *Hall v. United States Parole Commission,* 1998 WL 397850 (S.D.N.Y., 1998)(prisoner not excused from exhaustion requirement before filing § 2241 petition because administrative procedures to appeal to National Appeals Board are available and competent to provide adequate redress since Board has the authority to reverse decision to revoke parole and order a new hearing). The record demonstrates the available BOP administrative scheme to address "any aspect of imprisonment" was competent to provide adequate redress for petitioner's claims. *See* 28 C.F.R. §§ Footnote 2 (continued)

542.10 - 542.19; *Gonzalez*, 919 F.2d at 2 (finding no reason to believe that BOP administrative procedures

243 F.3d 629, 634 (2 Cir., 2001)(federal prisoners must exhaust their administrative remedies prior to filing a petition for habeas relief); *United States v. D'Amario,* 2001 WL 120055, *2 (1 Cir., 2001)(proper course of relief for defendant alleging jail credit was improperly computed "is to exhaust administrative remedies with the Bureau of Prisons and, if dissatisfied, to seek judicial review pursuant to 28 U.S.C. § 2241); *Rogers v. United States*, 180 F.3d 349, 356-357 (1 Cir., 1999), *cert. denied,* 528 U.S. 1126, 120 S.Ct. 958 (2000).

Once the petitioner was advised that he would be referred for, at most, 90 days placement in a CCC, #1, Exhibit B, he appealed this decision to the Warden. The Warden denied the appeal. #1, Exhibit A-3 at p.3. Petitioner then appealed to the Northeast Regional Director, #1, Exhibit A-2 at p.1, and on March 25, 2004, the Regional Director denied any CCC placement for the petitioner due, among other things, to a prior criminal offense. #1, Exhibit A-2 at p.3

Petitioner appealed the denial of CCC placement to the General Counsel on or around June 3, 2004, forty days after the deadline to submit a final

---

under 28 C.F.R. §§ 542.10 are inadequate).

appeal.³   #1, Exhibit A-1 at p. 2.  In his appeal, petitioner acknowledged his untimeliness but failed to state an explanation or request an extension. #1, Exhibit A-1 at p. 2.  The Central Office rejected petitioner's appeal due to untimeliness and improper filing.  #1, Exhibit A-1 at p. 1.  The rejection notice requested staff verification that untimeliness was not petitioner's fault and instructed him to include a copy of the rejection letter with any further correspondence.   #1, Exhibit A-1 at p. 1.   Petitioner never resubmitted a corrected appeal with the required documentation but rather filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 on July 28, 2004.  #1 at p. 15.

Under these circumstances, "a federal prisoner who defaults in pursuit of his administrative remedies will . . . be denied habeas review absent a showing of cause and prejudice." *Carmona*, 243 F.3d at 630. *See also Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3 Cir.,1996)(federal prisoner engaged in procedural default when untimely appeal rendered final administrative review unavailable so court barred from reviewing § 2241 habeas petition). In this case,

---

³
An appeal to BOP General Counsel in the Central Office is the final administrative appeal and must be submitted within 30 calendar days of the date the Regional Director signed the response.  *See* 28 C.F.R. § 542.15 (a).

petitioner's untimely appeal to the Central Office and his failure to resubmit an explanation barred final administrative review of his claim and constituted procedural default. Further, because the petitioner never proffered extenuating circumstances or official interference as reasons for his untimely appeal or his failure to submit an explanation for his untimeliness, and, in fact, offered no explanation for his noncompliance despite several opportunities to do so,[4] the petitioner has failed to establish cause for his procedural default. *Carmona,* 243 F.3d at 634-635 (the "likely failure" of the petitioner to proffer adequate excuse justifying the delinquency of his administrative appeal bars habeas review); *Moscato,* 98 F.3d at 762 (finding no cause for procedural default when, "in the face of an explicit opportunity to do so, a petitioner fails to allege the existence of an external impediment . . . ."). Petitioner argued that he should be excused from exhaustion requirements because seeking further administrative review of his claim would have been futile. To be sure, "[t]he judge-made exhaustion requirement [in habeas cases] is prudential, not jurisdictional, and can be waived in certain circumstances." *Kaweesa v. Ashcroft*, 345 F. Supp.2d 79, 98 (D.

---

[4] Petitioner failed to offer any explanation for his untimeliness in his final appeal to the General Counsel and failed to resubmit a corrected appeal with an explanation. His habeas petition does not mention his untimely appeal. In response to the motion to dismiss, petitioner argues exemption from the exhaustion requirement but offers no explanation as to why he filed his final appeal forty days after the deadline or why he failed to re-submit the appeal with an explanation for the untimeliness.

Mass., 2004) (citations omitted). For example, when attempts to exhaust administrative remedies would be patently futile, the court may find an exception to the exhaustion requirement. *Sayyah v. Farquharson,* 382 F.3d 20, 27, n. 8 (1 Cir., 2004). But there is no factual support in the record for petitioner's contention that appeal would have been futile. The BOP provided prompt and thorough responses to the petitioner's first two administrative claims, and there is no reason to believe that the response to his final appeal would have been any different.

Petitioner's argument that he was excused from the exhaustion requirement because irreparable injury might occur without immediate judicial relief also fails. Petitioner alleges that without immediate judicial review he might not be able to participate in the full 180 days of CCC placement. Putting aside petitioner's assumption that he is entitled to such relief and that the court would consider abbreviated CCC placement to be an irreparable injury[5], any

---

[5] There is no constitutionally protected liberty interest in CCC placement or § 3621(e)(2)(B) early release. *Lopez v. Davis*, 531 U.S. 230, 240 (2001), *cert. denied sub nom. Walker v. Evans,* 531 U.S. 1111 (2001) (federal prisoners do not become entitled to a sentence reduction upon their successful completion of a drug treatment program). Thus, even if the petitioner had been permitted to complete the drug program, under 18 U.S.C. § 3621(e)(2)(B), the BOP "may categorically exclude prisoners [from early release] based on their preconviction conduct" and thus "may" or may not grant early release." *Lopez,* 531 U.S. at 244. The decision to grant early release would have been entirely discretionary, and this Court's review would have been limited. Furthermore, BOP regulations clearly indicate the lack of entitlement to CCC placement and early release. *See* 28 C.F.R. § 550.57 (a)(1) inmates *may* receive incentives for satisfactory involvement in the residential drug program that may include: (2) Consideration for the maximum period of time (currently 180 <u>Footnote 5 (continued)</u>

urgency the petitioner felt in seeking habeas review resulted from his own decision not to comply with administrative deadlines and procedures. Petitioner's own unexplained delay does not excuse him from having properly to exhaust his administrative remedies.

### IV. Recommendation

For the reasons stated, I RECOMMEND that Respondent's Motion to Dismiss the Petitioner's Habeas Corpus Petition (#6) be ALLOWED on the grounds of mootness, and, alternatively, for failure to exhaust administrative remedies.

### V. Review by the District Judge

The parties are hereby advised that pursuant to Rule 72, Fed. R. Civ. P., any party who objects to this recommendation must file a specific written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly

---

days) in Community Corrections Center placement, *if otherwise eligible for this designation*; and (4) consideration for early release *if eligible* under § 550.58 which excludes inmates who are not eligible for community-based programs. (emphasis added).

indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review.  *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1 Cir., 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

*/s/ Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

July 18, 2005.